MDR

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Charles Koons, | ) | No. CV 12-2281-PHX-DGC (SPL) |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Maricopa County Sheriff's Office Detention Staff, et al., | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Charles Koons, who is confined in the Maricopa County Lower Buckeye Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $19.74.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

JDDL-K

1

## II.     Statutory Screening of Prisoner Complaints

2

3       The Court is required to screen complaints brought by prisoners seeking relief against

4   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

6   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

7   be granted, or that seek monetary relief from a defendant who is immune from such relief.
    28 U.S.C. § 1915A(b)(1), (2).

8       A pleading must contain a "short and plain statement of the claim *showing* that the

9   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

10  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

11  unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

12  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

13  statements, do not suffice."  Id.

14      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15  claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

16  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

17  that allows the court to draw the reasonable inference that the defendant is liable for the

18  misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

19  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

20  experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

21  allegations may be consistent with a constitutional claim, a court must assess whether there

22  are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

23      But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

24  must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th

25  Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

26  than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,

27  94 (2007) (*per curiam*)).

28

1    If the Court determines that a pleading could be cured by the allegation of other facts,

2   a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

3   action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court

4   should not, however, advise the litigant how to cure the defects.  This type of advice "would

5   undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225,

6   231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

7   required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint

8   for failure to state a claim, but because the Complaint may possibly be saved by amendment,

9   will dismiss the Complaint with leave to amend.

10  **III.    Complaint**

11    In his one-count Complaint, Plaintiff sues Defendants "Maricopa County Sheriff's

12  Office Detention Staff" (Detention Staff), Sergeant Jenny, and a "Sheriff's Deputy Officer."

13    Plaintiff alleges a violation of the Eighth Amendment prohibition against cruel and

14  unusual punishment.  Plaintiff contends that on September 29, 2012, the water was shut off

15  to a portion of the cellblock where he was confined, that a search of the cellblock was

16  conducted seven hours later, and that his toilet was filled with urine and feces.  Plaintiff

17  claims that the water was turned on 18 hours after it was shut off and that his toilet was

18  non-functional for 72 hours.

19    Plaintiff claims that during the search and afterwards, he requested water from

20  Defendant Detention Staff, but his requests were repeatedly denied.  He contends that

21  detention officers "teased" inmates by drinking from water bottles in front of the inmates.

22  He also alleges that he was forced for stay in the cell with "biohazard from the urine and

23  [fe]ces [that was] within the non[-]functioning toilets" and that, as a result of "dehydration

24  and biohazardous air," he experienced "serious migraine headaches."

25    Plaintiff contends that Defendant Detention Staff delayed and denied him water,

26  which caused him to have "stomach aches, migra[i]nes and frustration," and that "the

27  neglig[e]nce of the hig[h]er commanding officer caused [him] to be emotional[ly]

28  distressed."  He claims he was treated with indifference because he is a protective custody

1   inmate and that general population inmates would have had their water turned on during the
2   search or would have been provided water during the search.  He contends that the actions
3   of Defendant Detention Staff were "negligent and unprofessional cruel and unusual
4   infliction."

5       Plaintiff asserts that he submitted numerous grievances and appears to allege that
6   Defendant Detention Staff refused to review his grievances, that Defendant Jenny took one
7   grievance but did not respond to it, and that Defendant Jenny, in response to another
8   grievance, told Plaintiff that the water had been turned off "for searches for contr[a]band
9   removal."

10      Plaintiff seeks monetary damages and injunctive relief.

11  **IV.     Failure to State a Claim**

12      Although *pro se* pleadings are liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519,
13  520-21 (1972), conclusory and vague allegations will not support a cause of action.  <u>Ivey v.</u>
14  <u>Board of Regents of the University of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).  Further,
15  a liberal interpretation of a civil rights complaint may not supply essential elements of the
16  claim that were not initially pled.  <u>Id</u>.

17      **A.     Defendant Detention Staff**

18      To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific
19  injury as a result of specific conduct of a defendant and show an affirmative link between the
20  injury and the conduct of that defendant.  <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377
21  (1976).  Conclusory allegations that a Defendant or group of Defendants have violated a
22  constitutional right are not acceptable.  "[A] plaintiff must plead that each Government-
23  official defendant, through the official's own individual actions, has violated the
24  Constitution."  <u>Iqbal</u>, 129 S. Ct. at 1948.

25      Plaintiff's allegations against Defendant Detention Staff are nothing more than vague
26  and conclusory allegations against a group of individuals.  This is insufficient.  Thus, the
27  Court will dismiss Plaintiff's claims against Defendant Detention Staff.

28

JDDL-K                                      - 4 -

1

## B.   Defendants Jenny and Sheriff's Deputy Officer

2       There is no *respondeat superior* liability under § 1983, and therefore a defendant's

3   position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights

4   does not impose liability. Monell v. New York City Department of Social Services, 436 U.S.

5   658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List,

6   880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens

7   and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the

8   official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

9       Plaintiff has not alleged that Defendants Jenny or Sheriff's Deputy Officer personally

10   participated in a deprivation of Plaintiff's constitutional rights, were aware of a deprivation

11   and failed to act, or formed policies that resulted in Plaintiff's injuries. As to Defendant

12   Sheriff's Deputy Officer, Plaintiff has made no allegations regarding the conduct of a

13   specific Sheriff's Deputy Officer. As to Defendant Jenny, Plaintiff alleges, at most, that

14   Defendant Jenny did not respond to his grievances or did not provide a response Plaintiff

15   liked. This does not constitute a constitutional violation.

16       Where a defendant's only involvement in the allegedly unconstitutional conduct is the

17   denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy

18   alleged unconstitutional behavior does not amount to active unconstitutional behavior for

19   purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Moreover,

20   "[t]here is no legitimate claim of entitlement to a grievance procedure," Mann v. Adams, 855

21   F.2d 639, 640 (9th Cir. 1988), and the failure to follow grievance procedures does not give

22   rise to a due process claim. See Flournoy v. Fairman, 897 F. Supp. 350, 354 (N.D. Ill. 1995)

23   (jail grievance procedures did not create a substantive right enforceable under § 1983);

24   Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (violations of grievance system

25   procedures do not deprive inmates of constitutional rights). "[N]o constitutional right was

26   violated by the defendants' failure, if any, to process all of the grievances [plaintiff]

27   submitted for consideration." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

28

1   Thus, the Court will dismiss without prejudice Defendants Jenny and Sheriff's Deputy

2   Officer.

3   **C.   Count One**

4   A pretrial detainee's claim for unconstitutional conditions of confinement arises from

5   the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment

6   prohibition against cruel and unusual punishment.  Bell v. Wolfish, 441 U.S. 520, 535 and

7   n.16 (1979).  Nevertheless, the same standards are applied, requiring proof that the defendant

8   acted with deliberate indifference.  See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

9   Deliberate indifference is a higher standard than negligence or lack of ordinary due

10  care for the prisoner's safety.  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  To state a claim

11  of deliberate indifference, plaintiffs must meet a two-part test.   First, the alleged

12  constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or

13  omission must result in the denial of "the minimal civilized measure of life's necessities."

14  Id. at 834.  Second, the prison official must have a "sufficiently culpable state of mind," i.e.,

15  he must act with deliberate indifference to inmate health or safety.   Id.   In defining

16  "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:

17  "the official must both be aware of facts from which the inference could be drawn that a

18  substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837

19  (emphasis added).

20  The specific inquiry with respect to pretrial detainees is whether the prison conditions

21  amount to "punishment" without due process in violation of the Fourteenth Amendment.

22  Bell, 441 U.S. at 535.  With regard to providing pretrial detainees with such basic necessities

23  as food, living space, and medical care, the minimum standard allowed by the Due Process

24  Clause is the same as that allowed by the Eighth Amendment for convicted persons.  Hamm

25  v. DeKalb County, 774 F.2d 1567, 1574 (9th Cir. 1985).   To comply with the Eighth

26  Amendment's prohibition against cruel and unusual punishment, a prison must provide

27  prisoners with "adequate food, clothing, shelter, sanitation, medical care, and personal

28  safety."  Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982) (citation omitted).  However,

1   this does not mean that federal courts can or should interfere whenever prisoners are

2   inconvenienced or suffer *de minimis* injuries.  See <u>Bell,</u> 441 U.S. at 539 n.21 (noting that a

3   *de minimis* level of imposition does not rise to a constitutional violation).

4        Even if Plaintiff had linked his injury to the conduct of a specific Defendant, he has

5   still failed to state a claim.  Plaintiff's claim is that on a single occasion, during which

6   detention officers were conducting a search for contraband at least of part of the time,

7   Plaintiff was without water for 18 hours and without a functioning toilet for 72 hours.

8   Plaintiff has alleged a temporary inconvenience, not a "sufficiently serious" deprivation.  <u>See</u>

9   <u>Hartsfield v. Vidor</u>, 199 F.3d 305, 309-10 (6th Cir. 1999) (finding no constitutional violation

10  where plaintiff was not allowed to use toilet, was allowed to sit in his own urine, and was not

11  provided with fresh drinking water for two 8-hour periods; noting that the court had

12  previously held that deprivations of fresh water and access to a toilet for 20 hours was harsh,

13  but not cruel and unusual punishment); <u>Smith v. Copeland</u>, 87 F.3d 265, 268-69 (8th Cir.

14  1996) (four-day exposure to raw sewage from overflowing toilet in cell not cognizable

15  because it was a "*de minimis* imposition and thus [did] not implicate constitutional

16  concerns"); <u>Holloway v. Gunnell</u>, 685 F.2d 150, 156 (5th Cir. 1982) (plumbing problem that

17  resulted in the cutoff of water to cell for several hours did not rise to Eighth Amendment

18  violation).  Thus, the Court will dismiss Count One.

19  **V.      Leave to Amend**

20       For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

21  a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

22  amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

23  Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

24  to use the court-approved form, the Court may strike the amended complaint and dismiss this

25  action without further notice to Plaintiff.

26       Plaintiff must clearly designate on the face of the document that it is the "First

27  Amended Complaint."  The first amended complaint must be retyped or rewritten in its

28

1   entirety on the court-approved form and may not incorporate any part of the original

2   Complaint by reference.  Plaintiff may include only one claim per count.

3        If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

4   telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of

5   the Defendant who violated the right; (3) exactly what that Defendant did or failed to do;

6   (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's

7   constitutional right; and (5) what specific injury Plaintiff suffered because of that

8   Defendant's conduct.  See Rizzo, 423 U.S. at 371-72, 377.

9        Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff

10  fails to affirmatively link the conduct of each named Defendant with the specific injury

11  suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to

12  state a claim.  **Conclusory allegations that a Defendant or group of Defendants have**

13  **violated a constitutional right are not acceptable and will be dismissed**.

14       A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

15  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

16  1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

17  nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

18  complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d

19  565, 567 (9th Cir. 1987).

20  **VI.   Warnings**

21       **A.   Release**

22       Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

23  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

24  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

25  in dismissal of this action.

26       **B.   Address Changes**

27       Plaintiff must file and serve a notice of a change of address in accordance with Rule

28  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.    Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.    Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $19.74.

(3)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 26th day of November, 2012.

_____
David G. Campbell
United States District Judge

JDDL-K

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<u>Phoenix & Prescott Divisions</u>:     **OR**     <u>Tucson Division</u>:
U.S. District Court Clerk                                U.S. District Court Clerk
U.S. Courthouse, Suite 130                              U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                      405 West Congress Street
Phoenix, Arizona  85003-2119                           Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>          Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,                              )
(Full Name of Plaintiff)          Plaintiff,                           )
                                                                        )
                         vs.                                            )   **CASE NO.** _____
                                                                        )              (To be supplied by the Clerk)
(1)_____ ,                           )
(Full Name of Defendant)                                                )
(2)_____ ,                           )
                                                                        )   **CIVIL RIGHTS COMPLAINT**
(3)_____ ,                           )   **BY A PRISONER**
                                                                        )
(4)_____ ,                           )   ☐ Original Complaint
                         Defendant(s).                                  )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A. JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
            ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
            ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
            ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
               (Position and Title)                                          (Institution)

2.   Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
               (Position and Title)                                            (Institution)

3.   Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
               (Position and Title)                                            (Institution)

4.   Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
               (Position and Title)                                            (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety  ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes    ☐ No
    b.    Did you submit a request for administrative relief on Count I?    ☐ Yes    ☐ No
    c.    Did you appeal your request for relief on Count I to the highest level?    ☐ Yes    ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated:  _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes     ☐ No
b.   Did you submit a request for administrative relief on Count II?          ☐ Yes     ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes     ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____ .

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                      ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?                 ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?        ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____       _____
                            DATE                                              SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.